# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>CODY ARRIO SEVERANCE,<br><br>               Defendant. | Case No. 3:25-cr-00006-SLG-MMS |

## ORDER ON MOTION TO DISMISS INDICTMENT

Before the Court at Docket 31 is Defendant Cody Arrio Severance's Motion to Dismiss Indictment.[1] The Government responded in opposition to the motion at Docket 33.

## BACKGROUND

On January 21, 2025, the Government charged Mr. Severance in an indictment with possession of a firearm after he had previously been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(9), 924(a)(8).[2] The indictment identifies a prior 2013 State of Alaska conviction for

---

[1] *See also* Docket 32 (Notice of Errata).

[2] Docket 2 at 1-2.

domestic violence assault, a violation of Anchorage Municipal Code 08.10.010(B)(1).³ The indictment also includes a criminal forfeiture allegation.⁴

Mr. Severance now seeks dismissal of the § 922(g)(9) charge pursuant to the Second Amendment. Relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, Mr. Severance contends that "§ 922(g)(9) [is] facially unconstitutional as there is no American historical tradition prohibiting possession of firearms by persons with misdemeanor domestic violence convictions."⁵ He also maintains that § 922(g)(9) is unconstitutional as applied to him because his "conviction did not require proof that he used 'violent' force" and a "jury did not make a finding that the [2013] offense involved an act of physical force against a person in a domestic relationship."⁶

The Government opposes Mr. Severance's motion. The Government relies on pre-*Bruen* Ninth Circuit precedent upholding the constitutionality of § 922(g)(9), which the Government contends is not clearly irreconcilable with *Bruen* and therefore remains binding.⁷ The Government also notes that, since *Bruen*, three circuit courts have upheld the constitutionality of § 922(g)(9), as has this Court.⁸

---

³ Docket 2 at 2; *see* Docket 33-2 (state court criminal judgment).

⁴ Docket 2 at 2.

⁵ Docket 31 at 6; 597 U.S. 1 (2022).

⁶ Docket 31 at 9-12.

⁷ Docket 33 at 2-3 & n.3 (first citing *United States v. Chovan*, 735 F.3d 1127, 1137 (9th Cir. 2013); and then citing *Fisher v. Kealoha*, 855 F.3d 1067, 1070-71 (9th Cir. 2017)).

⁸ Docket 33 at 5 (first citing *United States v. Jackson*, 138 F.4th 1244 (10th Cir. 2025); then citing

Case No. 3:25-cr-00006-SLG-MMS, *USA v. Severance*
Order on Motion to Dismiss Indictment
Page 2 of 9
Case 3:25-cr-00006-SLG-MMS     Document 40     Filed 06/27/25     Page 2 of 9

Further, the Government contends that § 922(g)(9) is sufficiently analogous to § 922(g)(8)—which prohibits individuals who are subject to certain domestic violence protective orders from possessing firearms—such that, under *United States v. Rahimi*, which upheld the constitutionality of § 922(g)(8) after *Bruen,* § 922(g)(9) is also constitutional.[9]

As to Mr. Severance's as-applied challenge, the Government maintains that Congress enacted § 922(g)(9) to apply to domestic violence offenses that included "reckless infliction of bodily harm."[10] Further, the Government contends that even if, as Mr. Severance argues, "the 'record of conviction' does not establish" the nature of the relationship between Mr. Severance and the victim of his 2013 domestic violence offense, *United States v. Hayes* "held that the nature of the relationship need not be an element of the prior conviction, but rather is a factual question to be proven as part of the government's case in the subsequent § 922(g)(9) prosecution."[11]

---

*United States v. Bernard*, 136 F.4th 762 (8th Cir. 2025); then citing *United States v. Gailes*, 118 F.4th 822 (6th Cir. 2024); then citing *United States v. Ryno*, 675 F. Supp. 3d 993 (D. Alaska 2023); and then citing *United States v. Padgett*, Case No. 3:21-cr-00107-TMB-KFR, 2023 WL 2986935, at *11 (D. Alaska April 18, 2023)).

[9] Docket 33 at 3-4 (citing 602 U.S. 680 (2024)).

[10] Docket 33 at 5-6 (quoting *Voisine v. United States*, 579 U.S. 686, 695 (2016)).

[11] Docket 33 at 8 (citing 555 U.S. 415, 421 (2009) ("[I]n a § 922(g)(9) prosecution, it suffices for the Government to charge and prove a prior conviction that was, in fact, for 'an offense . . . committed by' the defendant against a spouse or other domestic victim." (second alteration in original))).

Case No. 3:25-cr-00006-SLG-MMS, *USA v. Severance*
Order on Motion to Dismiss Indictment
Page 3 of 9
Case 3:25-cr-00006-SLG-MMS     Document 40     Filed 06/27/25     Page 3 of 9

**DISCUSSION**

Before *Bruen*, in *United States v. Chovan*, the Ninth Circuit held that § 922(g)(9) is constitutional.[12] In so holding, the Ninth Circuit applied a two-step inquiry that required courts to "(1) ask[] whether the challenged law burdens conduct protected by the Second Amendment and (2) if so, directs courts to apply an appropriate level of scrutiny."[13] Applying this test, the Circuit reasoned that "Section 922(g)(9) does not implicate" "the right of law-abiding, responsible citizens to use arms in defense of hearth and home" "because it regulates firearm possession for individuals with criminal convictions."[14] The Circuit then determined that intermediate scrutiny was appropriate because, while "§ 922(g)(9) does not implicate the core Second Amendment right, . . . it does place a substantial burden on the right."[15] In its discussion of intermediate scrutiny, the Ninth Circuit recounted that "the 1996 passage of § 922(g)(9) was motivated by the concern that guns were not being kept away from domestic abusers under felon-in-possession laws because 'many people who engage in serious spousal or child abuse ultimately are not charged with or convicted of felonies.'"[16] The Circuit also agreed with the government that "a high rate of domestic violence recidivism

---

[12] *Chovan*, 735 F.3d at 1137.

[13] *Id.* at 1136.

[14] *Id.* at 1138 (citation and internal quotation marks omitted).

[15] *Id.*

[16] *Id.* at 1139 (quoting *United States v. Skoien*, 614 F.3d 638, 643 (7th Cir. 2010)).

Case No. 3:25-cr-00006-SLG-MMS, *USA v. Severance*
Order on Motion to Dismiss Indictment
Page 4 of 9
Case 3:25-cr-00006-SLG-MMS    Document 40    Filed 06/27/25    Page 4 of 9

exists," "domestic abusers use guns," and "the use of guns by domestic abusers is more likely to result in the victim's death."[17] Based on those conclusions, the Ninth Circuit held that "the government has demonstrated that domestic violence misdemeanants are likely to commit acts of domestic violence again and that, if they do so with a gun, the risk of death to the victim is significantly increased."[18] The Circuit held that "[b]ecause § 922(g)(9) is supported by an important government interest and substantially related to that interest, the statute passes constitutional muster under intermediate scrutiny."[19]

In *Bruen*, the Supreme Court held that its precedents "do not support applying means-end scrutiny in the Second Amendment context."[20] The Court clarified the applicable standard: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."[21]

Following *Bruen*, in *United States v. Rahimi*, the Supreme Court addressed a constitutional challenge to 18 U.S.C. § 922(g)(8).[22] Section 922(g)(8) prohibits

---

[17] *Id.* at 1140.

[18] *Id.* at 1140-41.

[19] *Id.* at 1141.

[20] 597 U.S. at 19.

[21] *Id.* at 24.

[22] 602 U.S. at 685-86.

Case No. 3:25-cr-00006-SLG-MMS, *USA v. Severance*
Order on Motion to Dismiss Indictment
Page 5 of 9
Case 3:25-cr-00006-SLG-MMS     Document 40     Filed 06/27/25     Page 5 of 9

an individual subject to a domestic violence restraining order from possessing a firearm. *Rahimi* held that § 922(g)(8) withstands the *Bruen* test because this nation's "tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others."[23]

As historical analogues, the Court relied on "two distinct legal regimes" that regulated individuals who physically threatened others with firearms: surety laws and "going armed" laws.[24] Surety laws "authorized magistrates to require individuals suspected of future misbehavior to post a bond. If an individual failed to post a bond, he would be jailed. If the individual did post a bond and then broke the peace, the bond would be forfeit."[25] Surety laws were aimed at "preventing violence before it occurred," including spousal abuse.[26] "Going armed" laws, on the other hand, "provided a mechanism for punishing those who had menaced others with firearms."[27] Going armed laws prohibited "riding or going armed, with dangerous or unusual weapons, [to] terrify[]" others.[28] An individual who violated

---

[23] *Id.* at 700.

[24] *Id.* at 694-95, 697.

[25] *Id.* at 695 (citations omitted).

[26] *Id.* at 695-97 (referencing a Massachusetts surety law that authorized "the imposition of bonds from individuals '[who went] armed with a dirk, dagger, sword, pistol, or other offensive and dangerous weapon'" (alteration in original) (citation omitted)).

[27] *Id.* at 697.

[28] *Id.* (alterations in original) (citation omitted).

Case No. 3:25-cr-00006-SLG-MMS, *USA v. Severance*
Order on Motion to Dismiss Indictment
Page 6 of 9
Case 3:25-cr-00006-SLG-MMS     Document 40     Filed 06/27/25     Page 6 of 9

a going armed law could be ordered to forfeit his firearms.[29]  The *Rahimi* Court reasoned that, "[t]aken together, the surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individual may be disarmed."[30]  The Court held that § 922(g)(8)(C)(i) is "'relevantly similar' to those founding era regimes in both why and how it burdens the Second Amendment right."[31]  In *Rahimi*, the Court also reiterated the continued validity of its prior holding in *District of Columbia v. Heller*, that "that . . . the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'"[32]

The Court finds that *Rahimi*, in conjunction with *Heller*, *Bruen*, and pre-*Bruen* Ninth Circuit precedent, demonstrates that § 922(g)(9) is constitutional.  First, like § 922(g)(8), § 922(g)(9) disarms individuals who pose a clear threat of physical violence to another.  Section 922(g)(9) prohibits anyone "who has been convicted in any court of a misdemeanor crime of domestic violence" from possessing a firearm or ammunition.[33]  As the Ninth Circuit recounted in *Chovan*, Congress enacted § 922(g)(9) to address its "concern that guns were not being kept away

---

[29] *Id.*

[30] *Id.* at 698.

[31] *Id.* (quoting *Bruen*, 597 U.S. at 29).

[32] *Id.* at 699 (quoting *Heller*, 554 U.S. 570, 626, 627, n.26 (2008)).

[33] 18 U.S.C. § 922(g)(9).

Case No. 3:25-cr-00006-SLG-MMS, *USA v. Severance*
Order on Motion to Dismiss Indictment
Page 7 of 9
Case 3:25-cr-00006-SLG-MMS    Document 40    Filed 06/27/25    Page 7 of 9

from domestic abusers under felon-in-possession laws."[34] Further, the *Chovan* Court recognized that "domestic violence misdemeanants are likely to commit acts of domestic violence again and that, if they do so with a gun, the risk of death to the victim is significantly increased."[35] Accordingly, § 922(g)(9) is relevantly similar to surety and going armed laws and, like § 922(g)(8), is consistent with this nation's "tradition of firearm regulation allow[ing] the Government to disarm individuals who present a credible threat to the physical safety of others."[36]

Further, the Court agrees with the Government that "[w]hile the phrasing of *Chovan* . . . might have read differently had [it] been written after *Bruen*, the 'clearly irreconcilable requirement is a high standard' and it is 'not enough for there to be some tension between the intervening higher authority and prior circuit precedent.'"[37] To be sure, *Chovan* applied a now-defunct analysis to hold that § 922(g)(9) is constitutional. However, the *Chovan* court's bottom-line holding is not clearly irreconcilable with *Bruen* and, as discussed above, *Rahimi* lends support to the Court's finding that § 922(g)(9) does not violate the Second Amendment.

In light of the foregoing and the Supreme Court's admonition that "[w]hen legislation and the Constitution brush up against each other, [a court's] task is to

---

[34] 735 F.3d at 1139.

[35] *Id.* at 1140-41.

[36] *Rahimi*, 602 U.S. at 700.

[37] Docket 33 at 3 (quoting *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018)).

Case No. 3:25-cr-00006-SLG-MMS, *USA v. Severance*
Order on Motion to Dismiss Indictment
Page 8 of 9
Case 3:25-cr-00006-SLG-MMS    Document 40    Filed 06/27/25    Page 8 of 9

seek harmony, not to manufacture conflict," the Court finds that § 922(g)(9) does not facially violate the Second Amendment.[38]

As to Mr. Severance's claim that § 922(g)(9) is unconstitutional as applied to him, the Court disagrees. The Supreme Court has held that "misdemeanor assault convictions for reckless (as contrasted to knowing or intentional) conduct trigger the statutory firearms ban" in § 922(g)(9).[39] The Supreme Court has also held that the statute under which the domestic violence misdemeanant is convicted need not include as an element the relationship between the offender and the victim.[40] Rather, "in a § 922(g)(9) prosecution, it suffices for the Government to charge and prove a prior conviction that was, in fact, for 'an offense . . . committed by' the defendant against a spouse or other domestic victim."[41]

The Court finds that § 922(g)(9) is not unconstitutional, facially or as applied to Mr. Severance. The Court therefore DENIES Mr. Severance's Motion to Dismiss Indictment at Docket 31.

DATED this 26th day of June, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[38] *United States v. Hansen*, 599 U.S. 762, 781 (2023).

[39] *Voisine*, 579 U.S. at 688.

[40] *Hayes*, 555 U.S. at 421.

[41] *Id.* (alteration in original).

Case No. 3:25-cr-00006-SLG-MMS, *USA v. Severance*
Order on Motion to Dismiss Indictment
Page 9 of 9
Case 3:25-cr-00006-SLG-MMS   Document 40   Filed 06/27/25   Page 9 of 9