# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, | No. CR-25-00006-SHR-MMS-1 |
| Plaintiff, | **ORDER** |
| v. | |
| Cody Arrio Severance, | |
| Defendant. | |

Pending before the Court is the government's Motion in Limine to Introduce Post-*Miranda* Statements as Impeachment. (Doc. 83.) The Motion is fully briefed. (Docs. 92, 112.) For the following reasons, the Court will grant the Motion.

## I.    Background[1]

On January 8, 2025, ATF agents executed a search pursuant to a warrant of a house in which Defendant had been staying. Agents discovered eight individuals in the home, including Defendant, who was found in the basement. Agents detained Defendant, and Anchorage Police Department Officer Ryan Piscoya began questioning him. Early in the questioning, Officer Piscoya advised Defendant of his *Miranda* rights. At some point during questioning, Defendant invoked his right to remain silent. Defendant was placed in an Anchorage Police Department vehicle.

---

[1] Because the parties are familiar with the factual and procedural background as set forth in the Court's previous orders, the Court will only restate such history to the extent it is relevant to the instant Motion. (*See* Doc. 88.)

Upon conducting the search of the basement, agents discovered a locked safe. Two agents then approached Defendant while he was still detained in the patrol car. An agent asked Defendant for the combination to the safe and Defendant promptly provided a combination and instructions to open the safe. The agent then told Defendant, "I'm gonna, just to let you know, talk to you here shortly and then we will see about getting you out of here, what we are going to do. Alright?" After being unable to open the safe, another agent asked Defendant for the combination again. Defendant provided the combination, and agents opened the safe and recovered a loaded stolen Zastava rifle and a Savage Arms rifle.

## II. Discussion

Although a statement made after a defendant has invoked his right to remain silent may not be used substantively in the prosecution's case-in-chief, such a statement, if voluntary, may be used for impeachment should a defendant testify inconsistently. *See Harris v. New York*, 401 U.S. 222, 224–26 (1971). This is because "[i]f a defendant exercises his right to testify on his own behalf, he assumes a reciprocal 'obligation to speak truthfully and accurately.'" *Michigan v. Harvey*, 494 U.S. 344, 351, (1990) (quoting *Harris*, 401 U.S. at 225). There are two important limitations on the government's ability to impeach a defendant with prior inconsistent statements taken in violation of *Miranda*. "First, the statement must have been voluntary." *United States v. Gomez*, 725 F.3d 1121, 1126 (9th Cir. 2013). Second, "the statement must be '*arguably*' inconsistent with the defendant's testimony at trial." *Id.* This second limitation will be addressed by the Court if Defendant testifies at trial. As such, the Court, at this time, is only concerned with the first limitation: whether Defendant's statements were voluntary.

The test for determining the voluntariness of a statement is whether, considering all the circumstances, the government obtained the statement by physical or psychological coercion or by inducement such that the defendant's will was overcome. *See United States v. Coutchavlis*, 260 F.3d 1149, 1158 (9th Cir. 2001). The circumstances to be considered include: (1) whether there was police coercion; (2) the length of the interrogation, its

- 2 -

location and its continuity; (3) whether police advised the suspect of his rights; and (4) whether there were any direct or implied promises of a benefit. *Clark v. Murphy*, 331 F.3d 1062, 1072 (9th Cir. 2003), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). A statement will be found involuntary if agents "use coercive means to undermine the suspect's ability to exercise his free will." *Henry v. Kernan*, 197 F.3d 1021, 1026 (9th Cir. 1999). Coercive action by the police is a prerequisite to finding a statement is involuntary. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986). "In short the true test of admissibility is that the confession is made freely, voluntarily, and without compulsion or inducement of any sort." *Haynes v. Washington*, 373 U.S. 503, 513–14 (1963) (quoting *Wilson v. United States*, 162 U.S. 613, 623 (1896)). The government bears the burden of establishing statements made in violation of *Miranda* were voluntary. *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003).

In its Motion, the government requests permission to introduce—for "impeachment purposes" only—"several statements" Defendant made "about the code to the basement gun safe where two rifles were found pursuant to a valid federal search warrant" after he invoked his right to remain silent. (Doc. 83 at 2.) The government contends it "will not elicit testimony about [Defendant's] statements post-invocation in its case-in-chief." (*Id.*) In response, Defendant asserts his post-invocation statements are not admissible for "any purpose" because they were "involuntary" and the Court "has already suppressed those statements because law enforcement continued questioning [Defendant] after he invoked his [*Miranda*] rights." (Doc. 92.)

The Court's prior ruling to which Defendant refers only suppresses the statements to the extent the government may not use them in its case-in-chief. (*See* Doc. 88 at 10–11, 16 (ordering the statements shall be suppressed and the government "shall not use the statements in its case-in-chief")).

Here, the government contends Defendant was "in the back of patrol car in his driveway" for "roughly forty-four minutes without contact," "seemed to fall asleep at times," and "was not coerced nor was he in duress when he gave the code to his gun safe."

The government further argues video footage of Defendant in the police car shows Defendant had "no issues" indicating his statements were involuntary. (Doc. 112 (citing *Mincey v. Arizona*, 437 U.S. 385 (1978).)

The Court agrees with the government. Under the circumstances here, there is no indication Defendant was coerced or induced by agents into telling them the code to the safe where the guns were found. Those statements were given voluntarily and are thus admissible for impeachment purposes in the event Defendant testifies at trial to something arguably inconsistent with the statements. *See Haynes*, 373 U.S. at 513–14.

### III.   Conclusion

**IT IS ORDERED** the government's Motion in Limine to Introduce Post-*Miranda* Statements as Impeachment (Doc. 83) is **GRANTED**.

Dated this 15th day of April, 2026.

Honorable Scott H. Rash
United States District Judge