# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Cody Arrio Severance,<br><br>        Defendant. | No. 3:25-cr-00006-SHR-MMS-1<br><br>**ORDER** |

Pending before the Court is Defendant's Renewed Post-Verdict Motion for Judgment of Acquittal. (Doc. 149.) The Motion is fully briefed. (Docs. 169, 170.) For the following reasons, the Court will deny the Motion.

## I.  Background[1]

In April 2026, following a three-day jury trial, Defendant was convicted of possessing firearms while knowing he had been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9). (Doc. 146.) During trial, at the close of the Government's case, Defendant moved under Rule 29 for a judgment of acquittal. (Doc. 153 at 63–65.) Defendant asserted the government had not met its burden of proving element four of the charged offense—that he knew he had been convicted of a misdemeanor crime of domestic violence. Defendant argued the Government was required to establish his knowledge of the elements of his underlying misdemeanor, namely, that it

---

[1]Because the parties are familiar with the facts of this case, the Court will provide only a summary of the procedural history relevant to the instant Motion.

was a misdemeanor involving the use of force against a domestic partner. Defendant contended "[t]he only evidence offered regarding the predicate offense is a judgment reflecting a conviction under the Muni[cipality] of Anchorage ordinance," and, while the judgment references the code provision, "it does not establish the elements of the offense." (*Id.* at 67.) He further argued "the government introduced no statutory text of the ordinance, no charging document, no plea agreement, no jury instructions, and no other . . . materials to establish the elements of the [underlying] crime," and, "without such evidence, there is no basis for a rational juror to determine whether the offense includes as an element the use or attempted use of physical force as defined by statute . . . [n]or is there evidence establishing the required domestic relationship element under the federal definition." (*Id.*) The Court reserved ruling on the Motion until after the jury had returned a verdict. *See* Fed. R. Crim. P. 29(b). (*Id.* at 122.) After the jury returned a guilty verdict, Defendant renewed his Rule 29 Motion, which the Court denied. (Doc. 166 at 75, 85.) Defendant subsequently filed the instant Motion. (Doc. 149.) Because Defendant moved for Judgment of Acquittal at the close of the Government's case during trial and renewed the motion after the jury returned a verdict, the Court will treat this Motion as a Motion for Reconsideration.

## II.     Legal Standard

Although not expressly authorized by the Federal Rules of Criminal Procedure, "post-judgment motions for reconsideration may be filed in criminal cases." *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000). "[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Mendez*, No. CR-07-00011 MMM, 2008 WL 2561962, at *2 (C.D. Cal. June 25, 2008); *see United States v. Krug*, No. CR 09-01148-MMM, 2012 WL 12973474, at *1 (C.D. Cal. Oct. 24, 2012). Under Local Criminal Rule for the District of Alaska 47.1(g)(1), a "court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law." A

motion for reconsideration is an inappropriate vehicle to ask the Court to "rethink what the court ha[s] already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Granting a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Big State Logistics, Inc. v. Gov't Servs. Corp.*, No. 4:13-cv-00029 TMB, 2014 WL 12526313, at *1 (D. Alaska Mar. 28, 2014) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)); *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Arguments that a court was in error on issues it had already considered should be directed to the court of appeals.

Under Federal Rule of Criminal Procedure 29(a), the Court "must enter a judgment of acquittal on any offense for which the evidence is insufficient to sustain a conviction." "The evidence is sufficient to support a conviction if 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Milwitt*, 475 F.3d 1150, 1154 (9th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

## III. Discussion

In his Motion, Defendant argues, as he did during and after trial, the Government failed to introduce sufficient evidence he "knew the facts making his prior conviction a misdemeanor crime of domestic violence under § 921(a)(33)," namely that "the predicate offense involved the use or attempted use of physical force and a qualifying domestic relationship." (Doc. 9.) Following extensive oral argument, the Court determined the evidence, including a judgment form for Defendant's underlying offense, was sufficient to support the fourth element of the charged offense. The certified judgment (Gov't Exh. 2) referenced AMC 8.10.010(B)(1), the Alaska statute for domestic violence assault. It also indicated Defendant had pled no-contest to domestic violence assault and contained a clerk signature certifying Defendant had received a copy of the judgment form. As part of its jury instructions, the Court gave the definition of domestic violence assault under the

- 3 -

statute cited in the judgment along with the definition of misdemeanor crime of domestic violence. (Doc. 145 at 11–12.) As the Court stated at trial, the instruction defining the offense to which Defendant pled no contest, along with the instruction defining misdemeanor crime of domestic violence, is sufficient for the jury to infer Defendant understood the elements of the underlying crime and the crime's elements align with those of a misdemeanor crime of domestic violence. (Doc. 166 at 8–11.) The judgment also shows Defendant had to attend battery school pursuant to his plea agreement, indicating Defendant knew there was an element of force in his underlying conviction. Defendant has not shown manifest error nor presented any new facts not previously brought to the Court's attention. Instead, Defendant merely asks the Court to rethink its analysis, which it declines to do. *See Rezzonico*, 32 F. Supp. 2d at 1116.

**IV.  Conclusion**

**IT IS ORDERED** Defendant's Renewed Post-Verdict Motion for Judgment of Acquittal (Doc. 149), construed as a Motion for Reconsideration, is **DENIED**.

Dated this 25th day of June, 2026.

Honorable Scott H. Rash
United States District Judge

- 4 -